UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVERETT EUGENE ARNOLD,

        Plaintiff,

    v.

KELLY'S CAFÉ AMERICAN, INC., a
Washington corporation; and PATRIC B.
KELLY, an unmarried man,

        Defendants.

CASE NO. C04-1557C

ORDER

I.     INTRODUCTION

       This matter has come before the Court on Defendants' motion for partial summary judgment
(Dkt. No. 23).  Having carefully considered the papers filed by the parties in support of and in opposition
to the motion, the Court has determined that no oral argument shall be necessary.  For the reasons that
follow, the Court hereby DENIES the motion.

II.    BACKGROUND

       Plaintiff "Gene" Arnold was hired by Defendant Patric B. Kelly in about 1988 to be a part-time
cook.  In or about 1996, Plaintiff was promoted into the position of Kitchen Manager/Chef, a position he
held until February 2004.  Until 1996, Plaintiff was paid on an hourly basis.  However, after his

ORDER – 1

1   promotion, he was paid a fixed weekly amount regardless of the number of hours worked.  Although

2   Plaintiff's weekly rate increased significantly, so did his hours worked.

3        At issue in this lawsuit is whether Plaintiff is entitled to overtime pay and if so, how that overtime

4   should be calculated.  Defendant's motion for partial summary judgment seeks to settle the issue of how

5   overtime, if any is owed, should be calculated.

6   III.   ANALYSIS

7        A.   *Applicable standard*

8        Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions and provides

9   in relevant part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions,

10  answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

11  no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

12  FED. R. CIV. P. 56(c).  This judgment may cover some or all of the issues at stake in a given case.

13       In determining whether an issue of fact exists, the court must view all evidence in the light most

14  favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Anderson v.*

15  *Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

16  A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to

17  find for the non-moving party.  *Anderson*, 477 U.S. at 248.  The moving party bears the burden of

18  showing that there is no evidence which supports an element essential to the non-movant's claim.

19  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In order to defeat a motion for summary judgment,

20  the non-moving party must make more than conclusory allegations, speculations or argumentative

21  assertions that material facts are in dispute.  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

22       B.   *Fair Labor Standards Act & Washington Minimum Wage Act*

23       Both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Washington

24  Minimum Wage Act ("MWA"), Wash. Rev. Code ch. 49.52, require that employees be paid overtime

25  wages at the rate of 1.5 times the "regular rate."  29 U.S.C. § 207(a)(1); Wash. Rev. Code §

26  ORDER – 2

49.46.130(1).[1]  Without conceding that Plaintiff is a non-exempt employee, Defendants seek to establish that the correct method of calculating any overtime pay due Plaintiff is to use the "fluctuating workweek" method.[2]

29 C.F.R. § 778.114(a) provides that a "fluctuating workweek" agreement is permitted by the FLSA when: (1) "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period;" (2) "the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest;" and (3) the employee "receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay."  Thus, by the plain language of the regulation, agreements whereby employees earn less than minimum wage are not allowed.

Even though the issue presented to the Court is not precisely whether a fluctuating workweek agreement actually existed between the parties, but rather whether this method of calculating overtime pay would be the appropriate method if it is determined that Plaintiff is a non-exempt employee (and thus entitled to overtime pay), the issue of whether such an agreement would have been permissible under the circumstances in this case must be considered.  In the Ninth Circuit, the FLSA "is to be liberally

---

[1]Certain categories of "exempt" employees are not entitled to receive overtime pay, but this issue is not relevant to the analysis of Defendant's motion for partial summary judgment.

[2]The "fluctuating workweek" method of calculating the "regular rate" of pay for the purposes of calculating overtime pay is well-established.  *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 (1942) (approving the "fluctuating workweek" method).  Under this method, the "regular rate" of pay for a given week is calculated by dividing the weekly salary by the total number of hours worked in that week.  Thus, the "regular rate" earned by an employee paid on a "fluctuating workweek" basis changes according to the number of hours worked.  Overtime pay for employees paid on a "fluctuating workweek" basis is calculated by subtracting forty from the total number of hours worked in a week, and then multiplying the residual number of hours (the overtime hours) by half of the "regular rate" associated with that week.

ORDER – 3

construed to apply to the furthest reaches consistent with Congressional direction." *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124-25 (9th Cir. 2002) (stating this principle in the context of how categories of employees exempt from overtime pay are to be construed). 29 U.S.C. § 202(b), titled "Congressional finding and declaration of policy," states, "It is declared to be the policy of this chapter . . . to correct and as rapidly as practicable to eliminate [labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers]." Given this very strong policy bias in favor of employees, the Court cannot find that it would be consistent with Congressional intent in enacting the FLSA to hold that a fluctuating workweek agreement that would have been void if actually agreed to between the parties may be retroactively imposed.

In the case at bar, Defendants do not dispute Plaintiff's assertion that his average hourly earnings, if calculated using the fluctuating workweek method, were less than the required minimum wage for 19 of the first 20 weeks of 2002. This is in direct contravention to the requirement of 29 C.F.R. § 778.114(a) that "the amount of the salary [be] sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest." For this reason, the Court finds that if Plaintiff is a non-exempt worker, the terms of any "agreement" between the parties to fixed gross pay of $1,049.60 per pay period is void as contrary to 29 C.F.R. § 778.114(a). *See Oliver v. Mercy Med. Ctr., Inc.*, 695 F.2d 379, 381 (9th Cir. 1982) (finding that an agreement providing for less than the statutory minimum wage is prohibited by FLSA). In addition, because the parties would not have been permitted to enter into such an agreement if Plaintiff is a non-exempt worker, the rates specified in the attempted agreement cannot be imposed retroactively.

Defendants urge that if the agreement be found to be in violation of minimum wage laws, the proper remedy is merely to compensate Plaintiff for the difference between his "regular rate" as calculated under the "fluctuating workweek" method and the applicable minimum wage. A proposal of this very type has been squarely rejected by the Ninth Circuit where the purported underlying agreement

ORDER – 4

would have been prohibited by 29 C.F.R. § 778.114(a).  *Oliver*, 695 F.2d at 381.

Accordingly, should Plaintiff be found to be a non-exempt worker, the proper measure of damages will include overtime pay calculated as 1.5 times Plaintiff's weekly salary divided by forty hours. This rate is to be applied to all hours in excess of forty worked in a week.

IV.     CONCLUSION

In accordance with the foregoing, Defendants' motion for partial summary judgment is hereby DENIED.

SO ORDERED this 12th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 5