The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERETT EUGENE ARNOLD, | )<br>) |
| Plaintiff, | )<br>) No. CV4 1557 |
| v. | )<br>) DEFENDANTS' MOTION FOR |
| | ) RECONSIDERATION |
| KELLY'S CAFÉ AMERICAN, INC., a<br>Washington corporation; and PATRIC B.<br>KELLY, an unmarried man, | )<br>) **NOTED FOR CONSIDERATION**<br>) **Friday, August 19, 2005** |
| Defendants. | )<br>) |

## I. INTRODUCTION

Defendants respectfully request that the Court reconsider one portion of its August 12, 2005 Order. The Court denied Defendants' Motion for Partial Summary Judgment, and Defendants are not seeking reconsideration of that decision. However, the Court also concluded that, in the event Plaintiff is found to be non-exempt, the proper measure of damages should "include overtime pay calculated at 1.5 times Plaintiff's weekly salary divided by forty hours." This, in effect, is a grant of summary judgment to Plaintiff on the fluctuating work week issue, which was neither requested nor warranted. As shown below, this portion of the Order requires reconsideration because Defendants neither had notice of the possibility of summary judgment in favor of Plaintiff nor had an opportunity to show that there are genuine issues of material fact that preclude the Court from relying on Plaintiff's calculation of his regular rate. Instead, the issue of the fluctuating work week should be determined at trial.

## II.    ARGUMENT

Under CR 7(h) the Court may grant a motion for reconsideration upon a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." This ruling resulted in manifest error for the following three reasons. First, the Court did not afford Defendants an opportunity to oppose summary judgment for Plaintiff and raise genuine issues of material fact. Second, the ruling is premature. Plaintiff's computation of his regular rate, upon which the Court relied in making its ruling, will likely be incorrect after issues regarding how many hours he worked and the accuracy of the timesheets are resolved at trial in the event Plaintiff is found to be non-exempt. Third, the Court considered only a small period of time during which the agreement

**DEFENDANTS' MOTION FOR RECONSIDERATION**
(CV04-1557) — 1
SEA 1681239v4 66633-1

was in effect, and Defendants should be able to present evidence at trial regarding the validity of the agreement for the entire time period it was in effect.

### A. Granting Summary Judgment in Favor of Plaintiff, *Sua Sponte*, Without Providing Defendants An Opportunity to Oppose Was A Manifest Error.

The Court's ruling is essentially a *sua sponte* grant of summary judgment that Defendants may not rely on the fluctuating work week doctrine. A court may not *sua sponte* grant summary judgment without giving the losing party notice and an opportunity to present new evidence as required by FRCP 56(c). *See Waterbury v. T.G. & Y. Stores Co.*, 820 F.2d 1479, 1480 (9th Cir. 1987). *Sua sponte* summary judgment is only appropriate where the losing party has had a "full and fair opportunity to ventilate the issues involved in the motion." *Id.* (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)). *See also, Fountain v. Filson*, 336 U.S. 681, 683 (1981) (held error to grant summary judgment if party has been deprived of "an opportunity to dispute facts material to th[e] claim"); *Sohappy v. Hodel*, 911 F.2d 1312, 1320 (9th Cir. 1990) (remanding to afford defendant an opportunity to present evidence on the issue under consideration); *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2nd Cir. 1996) ("great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to judgment as a matter of law"); *quoting* <u>Wright, Miller & Kane, Federal Practice and Procedure</u> § 2720, (2d ed. 1983).

Plaintiff never filed a motion for summary judgment on the issue of the calculation of damages, and Defendants had no notice that the Court was considering summary judgment in Plaintiff's favor. As a result, in their Motion, Defendants submitted only evidence that was appropriate in the context of their own Motion—where the Court was required to consider the evidence in the light most favorable to Plaintiff. *TW Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987) (citations omitted). Defendants did not

DEFENDANTS' MOTION FOR RECONSIDERATION
(CV04-1557) — 2
SEA 1681239v4 66633-1

submit evidence to demonstrate factual disputes about Plaintiff's contentions and the evidence in Plaintiff's favor. Without that opportunity to demonstrate such factual disputes, summary judgment for Plaintiff, whether explicit or implicit, was unwarranted.

**B.     There are Disputed Factual Issues Regarding Plaintiff's Position that the Fluctuating Work Week Is Not Available.**

If Plaintiff had sought summary judgment that the fluctuating work week was not available, Defendants could have easily demonstrated the existence of factual disputes preventing summary judgment. In this context, it must be remembered, all factual issues must be resolved in favor of Defendants. *See id.*

The factual issues are of two types. First, Plaintiff's argument that he received less than minimum wage was based on schedules he submitted. However, there are substantial issues of fact about whether those schedules accurately reflect the hours he worked. Second, Plaintiff has contended that bonuses he received should be counted as compensation, thereby raising his regular rate. *See* Plaintiff's Responses to Interrogatories, Ex. C to Sullivan Weiss Decl. While Defendants do not concede that the bonuses should be included in the calculation of the regular rate, if Plaintiff is correct, the bonuses should also be included in the determination of whether his rate fell below the minimum wage. Defendants submit that if either contention is correct, Plaintiff's argument that he fell below minimum wage will fall also.

**1.     The Accuracy of the Timesheets is an Issue for a Jury, the Outcome of Which Will Effect Plaintiff's Regular Rate Calculation.**

The accuracy of the schedules upon which Plaintiff relied for his computation of his regular rate is a factual issue for the jury. The schedules do not show when he took an unpaid meal period or when he took other breaks. Even Plaintiff acknowledges that when he worked with another cook in the kitchen, he was able to take approximately an hour meal break

**DEFENDANTS' MOTION FOR RECONSIDERATION**
(CV04-1557) — 3
SEA 1681239v4 66633-1

uninterrupted, that is, off-duty. Arnold Dep. at 110:3-24; 111:9-15; 112:11-16. These off-duty meal periods should not be counted as "hours worked" for purposes of calculating Plaintiff's overtime hours. WAC 296-126-002(8). Plaintiff did not record his meal period on his timesheets (Kelly Decl. ¶ 5), nor did he subtract out any meal periods when he computed his regular rate for the period of January through May 2002 for the purposes of Defendants' Motion.

During January 2002 and May 2002, Plaintiff worked with another cook between four and six days a week. Kelly Decl. ¶ 2, Arnold Dep. 38:7-17; Work Schedulers, Ex. A to Arnold Decl., submitted in support of Plaintiff's Opposition. Accordingly, Plaintiff's "hours worked" for purposes of calculating overtime hours, are likely between four to six hours fewer each week. If the regular rate is recalculated to account for fewer hours, it falls below the minimum wage rarely. *See* Sullivan Weiss Decl. ¶ 5-6 and Ex. D attached thereto; Timesheets, Ex. A to Arnold Decl.

Where the regular rate falls below the minimum wage infrequently or sporadically, the fluctuating workweek method is still valid. *See Cash v. Conn Appl., Inc.*, 2 F. Supp.2d 884, 894 (E.D. Tex. 1997) *citing* 27 Op. Wage & Hour Admin. 945 (1969) (fluctuating workweek applied even though arrangement failed to provide minimum wage in five weeks in one year); *Aiken v. County of Hampton*, 977 F. Supp. 390, 398-99 (1997). There is no evidence submitted to the Court of other occasions during the liability period where Plaintiff's regular rate fell below minimum wage. These unresolved facts regarding the hours worked, his regular rate, and the frequency of his rate falling below minimum wage prohibit this Court from determining, as a matter of law, that the fluctuating workweek does not apply. Fed. R. Civ. P. 56.

Furthermore, other questions about the accuracy of the schedules will be raised at trial. Plaintiff testifies that he frequently stayed at the restaurant after his work day ended. Arnold Dep. 114:2-116:8. Defendants will contend at trial that, since he only wrote down when he left the

restaurant, Plaintiff included non-work time on the schedules. Kelly Decl. ¶ 6. Whether he recorded non-work hours on his schedules is an issue of fact that will have to be resolved at trial. Even if those hours are minimal, they could eliminate the occasions that Plaintiff's regular rate did drop below minimum wage after consideration of his meal period. Manifest error will result if these factual issues are decided in Defendants' favor, but Defendants are precluded from arguing that the fluctuating workweek should apply. The actual number of hours Plaintiff worked is a factual issue to be resolved at trial.

### 2.   Whether Plaintiff's Bonus was Discretionary is An Issue for the Jury.

Plaintiff has repeatedly contended that his bonus was not discretionary, and should be included in the calculation of his regular rate. Arnold Dep. 77:6-23; Plaintiffs' Responses to Interrogatories, Ex. C to Sullivan Weiss Decl. Defendants contend the bonus was discretionary. Deposition of Patric Kelly ("Kelly Dep.") 24:16-20, attached as Ex. B to Sullivan Weiss Decl. This issue will have to be resolved at trial in the event Plaintiff is found to be a non-exempt employee. However, if this issue is resolved in Plaintiff's favor, the bonus amount must be included as part of the total compensation paid to Plaintiff for purposes of calculating his regular rate. 29 C.F.R. § 778.110. This would dramatically increase Plaintiff's regular rate, making the Court's ruling regarding the calculation of damages based on misinformation. In fact, if the bonus is included, Plaintiff's regular rate is above minimum wage for all but two weeks between January 7, 2002 and May 25, 2002. Sullivan Weiss Decl. ¶ 7, Exs. E-G thereto. This underscores the prematurity of the Court's ruling, and the need for this issue to be determined at trial.

Given these unresolved issues of fact, the calculation of Plaintiff's regular rate could change considerably resulting in an egregious and prejudicial error on the part of the Court. At the very least, the Court should allow the parties to resolve these issues of fact at trial.

**DEFENDANTS' MOTION FOR RECONSIDERATION**
(CV04-1557) — 5
SEA 1681239v4 66633-1

### C. The Agreement Met the Fluctuating Workweek Requirements On the Whole.

In addition, the Court's determination that the agreement between Plaintiff and Defendants did not meet the standards of 29 C.F.R. § 778.114(a) examined the agreement through too narrow a lens. The agreement was actually reached in approximately 1996, several years before the time period analyzed by the Court. There is no evidence before the Court about the validity of the agreement for the first six years. If the agreement was invalid for those years, it would not become immediately invalid in later years. Instead, the trier of fact must determine whether the alleged deviation from the minimum wage was of such a great extent that it, after several years, invalidated the agreement. This is particularly so when the DOL has determined that minor variations from the minimum wage can be rectified in other ways. *See Cash*, 2 F.Supp.2d at 894, Opinion Letter 945. In short, the Court should not invalidate a multi-year agreement by relying on a very small time period within that agreement. The trier of fact must consider the full context.

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its ruling that the proper measure of damages should "include overtime pay calculated at 1.5 times Plaintiff's weekly salary divided by forty hours," and ask that the Court allow the issue of the proper measure of damages to be decided at trial, if necessary.

DATED this 19th day of August, 2005.

Davis Wright Tremaine LLP
Attorneys for Defendants


By   /S/ Sheehan Sullivan Weiss
     Henry Farber, WSBA #18896
     Sheehan Sullivan Weiss, WSBA #33189

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify and declare under penalty of perjury under the laws of the State of Washington that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed by the law firm of Davis Wright Tremaine LLP. My business and mailing addresses are both 2600 Century Square, 1501 Fourth Avenue, Seattle, Washington 98101-1688.

3. On the 19th day of August, 2005, I caused to be served, via electronic efiling, a copy of the following documents: **Defendants' Motion for Reconsideration** on plaintiff's attorneys at the following address:

> Mr. Donald L. Anderson
> Eisenhower and Carlson, PLLC
> 1200 Wells Fargo Plaza
> 1201 Pacific Avenue
> Tacoma, WA 98402

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this 19th day of August, 2005, at Seattle, Washington.

Selah Brown