UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERETT EUGENE ARNOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY'S CAFÉ AMERICAN, INC., a Washington corporation; and PATRIC B. KELLY, an unmarried man,<br><br>    Defendants. | CASE NO. C04-1557C<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter has come before the Court on Defendants' motion for reconsideration of the Court's August 12, 2005 order *sua sponte* granting partial summary judgment to Plaintiff and holding that "should Plaintiff be found to be a non-exempt worker, the proper measure of damages will include overtime pay calculated as 1.5 times Plaintiff's weekly salary divided by forty hours. This rate is to be applied to all hours in excess of forty worked in a week." (August 12, 2005 Order at 5.)

Local Rule CR 7(h) provides that a motion for reconsideration may be granted upon a showing of manifest error in the prior ruling. Here, Defendants urge that the *sua sponte* nature of the Court's order

MINUTE ORDER – 1

1  committed error in several ways.  However, having fully reviewed the parties' briefing on the matter, the
2  Court finds that Defendants had a "full and fair opportunity to ventilate the issues involved in the matter."
3  *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (citing *Cool Fuel, Inc.
4  v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)).  Plaintiff plainly raised the issue of the availability of the
5  fluctuating workweek method in its opposition to Defendants' motion for partial summary judgment.
6  (*See* Pl.'s Opp'n at 3:24, 4:4-16.)  Indeed, Defendants responded to this argument by suggesting that if
7  Plaintiff's rate calculated under this method fell below the minimum wage, the proper remedy would be to
8  pay the difference between the deficient regular rate and the minimum wage.  (Defs.' Reply at 11:13-
9  12:10.)  For this reason, the Court finds that Defendants were on notice that whether the fluctuating
10 workweek was even available as a method for computing damages was an issue that would need to be
11 addressed in their reply brief in support of their partial summary judgment motion.  Defendants may not
12 now protest otherwise.  Therefore, Defendants have failed to make the required showing under CR 7(h)
13 and their motion for reconsideration is hereby DENIED.

DATED this 6th day of September, 2005.

BRUCE RIFKIN, Clerk of Court

By /s/ L. Simle
    Deputy Clerk

MINUTE ORDER – 2